UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MATTHEW MICHAEL LAVENTURE

    Plaintiff,

v.                                                                              Case No. 1:07-CV-942

COMMISSIONER OF                                        HON. GORDON J. QUIST
SOCIAL SECURITY,

    Defendant.
_____/

**MEMORANDUM OPINION**

### I.  Introduction

Plaintiff Matthew Laventure (Laventure) has a history of chronic back pain. On October 10, 2003, he had surgery to repair a herniated disc. (A.R. at 207-17.)[1] He applied for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on November 7, 2003, alleging he has been disabled since September 10, 2000. The application was denied and Laventure requested a hearing before the ALJ, who determined he was not disabled as defined in sections 216(i) and 223(d) of the Social Security Act.[2] Laventure filed an action requesting review of the ALJ's decision by this Court. On December 23, 2008, the Magistrate Judge filed a Report and Recommendation concluding that the ALJ's decision was supported by substantial evidence and recommending that the denial of Laventure's application be affirmed pursuant to 42 U.S.C. § 405(g). Laventure timely filed his objections to the Report and Recommendation.

---

[1] Citations to the administrative record are designated (A.R. "page #").

[2] 42 U.S.C. § 416(i) and 42 U.S.C. § 423(d), respectively.

The Court has reviewed the Report and Recommendation de novo pursuant to Fed. R. Civ. P. 72(b) and concludes it should be adopted.

II.     **Analysis**

    A.     **Standard of Review**

This Court will affirm the ALJ's decision if it was supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Court examines the record holistically to make this determination. *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990). This Court does not "try the case de novo," weigh the evidence, or determine credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417 (6th Cir. 2008). Whether the evidence supports a decision contrary to the ALJ's is irrelevant so long as the ALJ's decision rested on substantial evidence.

    B.     **Opinions of Drs. Deitrick and Krencik**

Laventure was treated by several physicians, most notably his primary care physician, Dr. Deitrick, and a pain management specialist, Dr. Krencik. Laventure contends the ALJ should have given great weight to Krencik's opinion that he was disabled. However, a determination of disability is a legal conclusion, and thus not binding. *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Furthermore, a treating physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and must not be "inconsistent with the other substantial evidence" in the record before it is entitled to such

deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (*quoting* 20 C.F.R. § 404.1527(d)(2)).

There were significant discrepancies between the findings of Drs. Deitrick and Krencik. Deitrick noted Laventure had a decreased range of motion and sensation, satisfactory reflexes, could walk on his heels and toes, climb stairs, get on and off the examination table himself, and walked with a normal gait. (A.R. at 297.) Accordingly, Krencik's opinion that he was disabled, (A.R. at 344), was not entitled to deference. The ALJ properly weighed the conflicting medical evidence and determined that Deitrick's opinion was entitled to greater weight than Krencik's. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Laventure worked and engaged in other strenuous activities long after his alleged disability. In February 2004, an emergency room physician noted that Laventure worked as a mechanic. (A.R. at 249.) Deitrick noted this as well on January of that year. Laventure moved the lawn, (A.R. at 104), watched his children, (A.R. at 118), and helped with other household chores. Laventure told Krencik on December 1, 2005 he believed he was able to work. (A.R. at 339.) Two-and-a-half years after the alleged onset of his disability, he injured his back while sledding. (A.R. at 190.) His pain was apparently exacerbated when he lifted heavy equipment in March of 2003. (A.R. at 196.) Laventure told Krencik he was "chas[ing] his kids around" on May 20, 2005. (A.R. at 344.) Deitrick's assessment and the above facts were substantial evidence on which the ALJ based his decision.

    **C.**    **Laventure's Credibility**

Laventure also objects to the ALJ's determination that his credibility was questionable. Dr. Deitrick noted that Laventure had become addicted to the narcotics used to manage his pain, (A.R. at 305), and engaged in drug-seeking behavior. (A.R. at 300, 313.) An emergency room

3

physician noted on December 2, 2003, that Laventure said he was out of Vicodin. However, another physician had prescribed him 90 Vicodin on November 25, and Deitrick had prescribed him 125 Vicodin earlier that November. (A.R. at 246.) The physician did not find his account credible. Laventure returned to the emergency room in January, 2004 again claiming he had run out of Vicodin. (A.R. at 247.) The ALJ noted that patients addicted to narcotics are prone to exaggerate their symptoms to receive drugs. Laventure also engaged in substantially more strenuous behavior after his alleged disability than he admitted. These facts supported the ALJ's conclusion that Laventure's credibility was dubious.

**III.   Conclusion**

For the foregoing reasons, the Court finds that the ALJ's decision was supported by substantial evidence. The Court will **APPROVE AND ADOPT** the Magistrate Judge's Report and Recommendation (docket no. 19) as its Opinion.

A separate Order will issue.


Dated:  March 12, 2009                                 /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE